UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-235-AGF |
| | ) | |
| NICHOLAS LINEBACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Christopher J. Potter for leave to commence this civil action without prepayment of the required filing fee. The Court will grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, as explained below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not file a certified inmate account statement in support of the instant motion, but he did file a financial affidavit form averring that he had received $500 to $600 to spend in the commissary. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Any claim that plaintiff is unable to pay this amount must be supported by a copy of plaintiff's institution account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff is a pretrial detainee at the St. Charles County Department of Corrections. He filed the instant complaint pursuant to 42 U.S.C. § 1983 against twenty-six law enforcement officers, two prosecuting attorneys (defendants Kelly L. King and Dulany Reese Harms), the Warren County Sheriff's Department, St. Charles County and St. Charles City, and the sheriffs of St. Charles County and Warren County (defendants Scott Lewis and Nathan York). He sues the defendants in an official and individual capacity.

Review of the State of Missouri's online docketing system shows that plaintiff is presently a defendant in a criminal case currently pending in the circuit court for St. Charles County, and in two criminal cases currently pending in the circuit court for Warren County. In *State v. Christopher Jacob Potter*, Case No. 1611-CR03563-01 (11th Jud. Cir. 2016), plaintiff is charged with multiple counts of first degree assault, and single counts of leaving the scene of a motor vehicle accident and first degree property damage. In *State v. Christopher Potter*, Case No. 16BB-CR00753-01 (12th Jud. Cir. 2016), plaintiff is charged with first degree tampering with a motor vehicle. In *State v. Christopher Potter*, Case No. 16BB-CR00559-01 (12th Jud. Cir. 2017), plaintiff is charged with first degree assault. The instant complaint includes a long narrative describing events that led to plaintiff's incarceration, and events that occurred during the criminal proceedings against him.

According to the complaint, while driving on July 5, 2016, plaintiff was pulled over by defendant Lineback, who pointed an assault rifle at plaintiff's truck and yelled for plaintiff to get out. Plaintiff complied, and Lineback handcuffed him and said there were people who wanted to talk to him. Lineback then searched plaintiff's truck without consent.

Defendant Fred Statler arrived on the scene and questioned plaintiff. Plaintiff was placed in the back of the police cruiser, and defendant Joe McKinney told him he should confess. Lineback punched plaintiff's face and leg while telling him he better start talking. Statler continued to question plaintiff and ultimately took him to the police station, where Lineback again punched plaintiff's leg. Lineback and Statler denied plaintiff a phone call and questioned him after he requested an attorney, telling him he did not need one because he was being charged with a misdemeanor. Plaintiff states that he ultimately told them about a car that had crashed at

about 2:30 a.m. Plaintiff was then allowed to use the telephone, and Lineback said he would be released the following morning.

The next section of the complaint is titled "The Fabrication of Evidence Begins." (Docket No. 1 at 7). Plaintiff was questioned by Talir and Schoenfeld, and Talir wrote a false police report. Schoenfeld and numerous other defendants contacted a felon and coerced him to lie about plaintiff. Schoenfeld then wrote a false probable cause statement about the events leading to plaintiff's arrest.

The next section of the complaint is titled "The Prosecutors Use the Tainted Evidence to Obtain Indictments." *Id.* at 8. Plaintiff alleges that Harms and King discussed criminal charges with Lineback, Statler, Marshall, Ginnever, Bishop, Koester, Harms, Malin, Taylor, Schmutz, Schoenfeld, Bawken, Hey, Talir, Graslie, and other defendants, and they "individually and collectively on different dates and times" gave false testimony about plaintiff. *Id.* While testifying at plaintiff's preliminary hearing, Schoenfeld said plaintiff had hired a prostitute from Craigslist even though that had nothing to do with the case. Graslie then spoke to a woman and convinced her to say that plaintiff had hit her vehicle with his truck, and she "agreed to provide a false statement to Graslie." *Id.*

The next section of the complaint is titled "The Prosecution Admits There are no/is no Audio/Video of the Interrogation and no Evidence to Support the Charges." (Docket No. 1 at 9). Plaintiff claims that, in response to a discovery request from his attorney, Harms said there was no evidence to support the charges, and he was being pressured to bring the case. Plaintiff then claims that Bishop examined plaintiff's truck in 2015 and said it was not involved in his investigation, but later lied and said plaintiff purposefully caused crashes. At a suppression hearing on February 2, 2018, Harms told the presiding judge that he had no evidence to support

the charges, but was prosecuting the case anyway. Plaintiff claims that "in recent years" the sheriffs of St. Charles County and Warren County have allowed officers to fabricate and plant evidence against people, and that they have failed to train their officers. *Id.* at 10.

The next section of the complaint is titled "Legal Claims." *Id.* at 10. Plaintiff lists the names of approximately twenty-five defendants (plaintiff's handwriting is sometimes illegible) and states they violated his substantive due process rights by working together to fabricate evidence, coerce witnesses, and provide false information to prosecutors. Plaintiff claims that Harms and King are liable because they obtained the information knowing it was false. Plaintiff claims that Lineback violated his Fourth Amendment rights when he searched plaintiff's car without his consent. He contends that Lineback and Statler violated his Fourth Amendment rights when they arrested him without probable cause, and violated his Fourth Amendment rights to be free from unreasonable searches and seizures by assaulting him when he refused to confess. He claims that Lineback, Statler, Finheran, Schoenfeld and Talir all violated his right to be free from self-incrimination when they assaulted him to get him to confess. Plaintiff states he "brings a Fourth Amendment claim for 'unlawful pretrial detention'" against Harms, King, Lineback, Statler, Schoenfeld and Fineran, "as well as the remaining officer defendants," for subjecting him to pretrial detention. *Id.* at 11. He states he "brings a 'Monell' claim" against St. Charles City, St. Charles County, and Warren County for allowing this "pervasive employee misconduct" to occur, and he claims they failed to properly train employees. (Docket No. 1 at 11). He states he "brings a claim for civil conspiracy against all of the defendants under state law and 42 U.S.C. § 1983 for knowingly conspiring with each other to fabricate evidence" against him. *Id.* He states he also brings state law claims of intentional infliction of emotional distress "against all of the individual defendants." *Id.* at 11-12. In setting forth his claims in this section of the complaint,

plaintiff repeatedly states that he "realleges and reincorporates by reference" earlier paragraphs. *Id.* at 10-11.

With the complaint, plaintiff filed a motion for preliminary injunction, asking this Court to enjoin defendants Harms and King from prosecuting the cases against him. (Docket No. 5). After filing the complaint, plaintiff filed a motion seeking to add additional defendants, and correct the names of defendants already named. (Docket No. 8/filed February 20, 2018). He then filed another motion seeking to add additional claims and defendants. (Docket No. 9/filed February 21, 2018). He then filed a motion to correct the names and/or identifying information regarding some defendants. (Docket No. 11/filed March 19, 2018). Finally, he filed a motion asking this Court to order him released from jail, to add Judge Ted House as a defendant, and to add additional information to his complaint. (Docket No. 13/filed May 1, 2018).

**Discussion**

For the most part, in setting forth his claims, plaintiff lumps numerous defendants together and states, in vague and conclusory terms, that they all violated his rights. However, plaintiff is required to allege specific facts showing what each named defendant did to violate his rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). The complaint also fails to state claims of municipal liability, conspiracy, or state law torts because it sets forth such claims in only vague and conclusory terms. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, the complaint violates Rule 8(a) of the Federal Rules of Civil Procedure because it does not contain a "short and plain" statement of the claim showing that plaintiff is entitled to relief. Instead, the complaint has been drafted in a manner that

obscures what plaintiff's genuine claims are, and fails to give each named defendant fair notice of the grounds for the claims made against him or her.

As noted above, in three of plaintiff's supplemental filings, he clearly states his intent to amend his complaint, although he seeks to do so via supplementation or interlineation, which is impermissible. Given the deficiencies in the complaint, and given plaintiff's obvious intention to amend his complaint, the Court will give plaintiff the opportunity to file an amended complaint within thirty days. The Court will also deny as moot plaintiff's motions seeking to supplement or amend the instant complaint or to correct information on the docket sheet, as plaintiff will be able to achieve these goals by filing an amended complaint.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a "short and plain" statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires a party to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must clearly identify each defendant against whom he is alleging a claim, and he must articulate, for each defendant he names, the specific facts about what that defendant did to violate his rights. Plaintiff's failure to make specific factual allegations against any named defendant will result in that defendant's dismissal from this case.

Plaintiff should also specify whether he is suing each defendant in his or her individual capacity, official capacity, or both. If plaintiff names more than one defendant, he may only allege claims that are related to each other, and that involve common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff shall have thirty (30) days from the date of this Memorandum and Order to file an amended complaint. The amended complaint will completely replace the original, and it will be subject to review pursuant to 28 U.S.C. § 1915(e). Plaintiff is cautioned that his failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.

The Court now turns to plaintiff's motion for preliminary injunction, and his motion for pretrial release. (Docket Nos. 5 and 13). In his motion for preliminary injunction, plaintiff asks this Court to enjoin defendants Harms and King from continuing to prosecute him in state court. (Docket No. 5). The motion will be denied. In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court held that principles of equity, comity, and federalism dictate that federal courts should generally refrain from enjoining ongoing state criminal proceedings, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. Here, the Court concludes that abstention is warranted under *Younger*. Plaintiff is part of an ongoing state judicial proceeding arising out of the same facts as this § 1983 case; plaintiff's allegations implicate important state interests; and an adequate opportunity exists in the state proceeding to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with plaintiff's pending state judicial proceedings, the Court will deny plaintiff's motion for preliminary injunction. *See Younger*, 401 U.S. at 4344. Plaintiff's motion for pretrial release (Docket No. 13) will also be denied because the relief plaintiff seeks, release from state custody, is not cognizable in this § 1983 action. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that motion to add parties (Docket No. 8), motion to add information and defendants (Docket No. 9), and motion to correct docket sheet (Docket No. 11) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Docket No. 5) and motion for pretrial release (Docket No. 13) are **DENIED.**

Dated this 23rd day of May, 2018.

　　　　　　　　　　　　　　　　　／s／ Audrey G. Fleissig
　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE