# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-235-AGF |
| | ) | |
| NICHOLAS LINEBACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint, filed by plaintiff Christopher J. Potter. For the reasons explained below, the Court will dismiss the amended complaint as to ten defendants, and stay and administratively close the remaining proceedings pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of three criminal cases against plaintiff arising from the same facts.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Background**

At the time he filed the original complaint, plaintiff was a pretrial detainee at the St. Charles County Department of Corrections. He was a defendant in a criminal case pending in the circuit court for St. Charles County, and in two criminal cases pending in the circuit court for Warren County. In *State v. Christopher Jacob Potter*, No. 1611-CR03563-01 (11th Jud. Cir. 2016), plaintiff was charged with multiple counts of first degree assault, and single counts of leaving the scene of a motor vehicle accident and first degree property damage. In *State v. Christopher Potter*, No. 16BB-CR00753-01 (12th Jud. Cir. 2016), plaintiff was charged with first degree tampering with a motor vehicle. In *State v. Christopher Potter*, No. 16BB-CR00559-01 (12th Jud. Cir. 2017), plaintiff was charged with first degree assault. As of the date of this Memorandum and Order, all three of those criminal matters remain pending. However, plaintiff has been released from pretrial detention.

Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 against numerous defendants. Upon initial review, the Court determined that the complaint was defective in several respects, including that plaintiff had failed to allege specific facts showing what each named defendant did to violate his rights. In addition, plaintiff expressed a desire to file an amended complaint, and attempted to do so via supplementation. Given the deficiencies in the complaint and plaintiff's expressed intention to amend it, the Court gave plaintiff the opportunity to file an amended complaint. Plaintiff has done so, and the Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against sixteen defendants: law enforcement officers Nicholas Lineback, Fred Statler, Mike Marshall, Scott

Ginnever, Joe McKinney, Scott Schoenfeld, Kevin Talir, E. Graslie, Shane Fineran, Ross Bishop, Unknown Moore, and Gary Swartz; and prosecuting attorneys Kelly L. King, Dulany Reese Harms, Patrick McCool, and Catherine Hoag.

According to the amended complaint, Lineback illegally seized plaintiff, and punched him while he was in the patrol car. Once at the police station, Lineback punched plaintiff to elicit a confession. Statler questioned plaintiff without giving him *Miranda* warnings. Marshall provided Statler false information to conduct an illegal arrest. Ginnever signed off on paperwork to obtain important evidence related to a criminal case pending against plaintiff. Fineran read plaintiff his *Miranda* rights and plaintiff did not understand, and Fineran later admitted he does not know how to determine whether a suspect understands his rights. McKinney yelled at plaintiff while plaintiff was in his patrol car, telling him he needed to confess. Schoenfeld made a false/fabricated police report with wrong information to obtain an arrest, and did not read plaintiff his *Miranda* rights. King is using tainted evidence and false police reports to proceed in plaintiff's criminal case. Talir read plaintiff his *Miranda* rights and was verbally coercive to plaintiff about confessing, but then said there was no evidence against plaintiff. Graslie harassed plaintiff on two occasions in July to get him to confess, and admitted during a court hearing that he had made a false probable cause report in order to secure plaintiff's arrest.

Dulany Reese Harms entered onto plaintiff's case in October 2016 but then withdrew. McCool entered onto plaintiff's case in February 2018 and is proceeding despite the lack of sufficient evidence and the falsity of police reports. Bishop visited plaintiff's residence and examined his truck, and said it was not involved in the crime he was investigating. Moore and Swartz illegally searched plaintiff's truck, and trespassed on plaintiff's property. Plaintiff seeks monetary damages, and unspecified equitable relief.

**Discussion**

Plaintiff's claims against Catherine Hoag will be dismissed because plaintiff merely lists her name as a defendant in this action without alleging she engaged in any misconduct. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Plaintiff's claims against King, Harms, and McCool will also be dismissed. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Here, King, Harms and McCool's allegedly unconstitutional conduct falls within the scope of initiating and pursing a criminal prosecution. They are therefore immune from suit. Any attempt by plaintiff to allege that King, Harms and/or McCool have acted or are acting with an improper motive does not defeat their immunity. *See Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (even if a prosecutor knowingly presents false, misleading or perjured testimony, or withholds or

suppresses exculpatory evidence, he is absolutely immune from suit); *Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution).

Plaintiff's claims against Statler and Fineran, and his *Miranda* claims against Schoenfeld and Talir, will also be dismissed. These claims arise from alleged *Miranda* violations. However, the remedy for an alleged *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a § 1983 action. *Hannon v. Sanner*, 441 F.3d 635 (8th Cir. 2006). Regarding Talir, plaintiff also states that he admitted there was no evidence against plaintiff. These allegations do not state a cognizable claim.

Plaintiff's claims against McKinney, Ginnever, and Bishop will be dismissed. Plaintiff alleges that McKinney yelled at him, Ginnever signed off on paperwork to obtain evidence related to plaintiff's criminal case, and Bishop visited his house and examined his truck and said it was not involved in the alleged crime. Plaintiff does not explain why any of this conduct was wrong, or how any of these defendants are personally responsible for causing harm. The Court concludes that these allegations fail to state a claim upon which relief may be granted.

Plaintiff alleges that Lineback illegally seized him, Marshall and Shoenfeld falsified a police report in order to effect his arrest, Graslie admitted during a court hearing that he had made a false probable cause report in order to secure plaintiff's arrest, and Moore and Swartz illegally searched his truck. Having liberally construed the amended complaint, the Court concludes, for purposes of initial review, that plaintiff has adequately stated claims against these defendants under the Fourth Amendment. However, plaintiff's claims are related to rulings that will likely be made in his pending criminal trial. In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings,

begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. 384, 397 (2007). The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, the Court concludes that the principles of *Wallace v. Kato* dictate that further consideration of plaintiff's claims should be stayed until the underlying criminal matters against plaintiff have been resolved. To the extent plaintiff has an additional claim or claims against Lineback stemming from Lineback's alleged use of excessive force, plaintiff may file a separate lawsuit in this Court. The Court will instruct the Clerk of Court to provide plaintiff with a blank complaint form.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against Catherine Hoag, Kelly L. King, Dulany Reese Harms, Patrick McCool, Fred Statler, Shane Fineran, Kevin Talir, Joe McKinney, Scott Ginnever, and Ross Bishop, and plaintiff's *Miranda* claims against Scott Schoenfeld, are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that all remaining proceedings in this case are **STAYED** and this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal

proceedings against plaintiff relating to *State v. Christopher Jacob Potter*, No. 1611-CR03563-01 (11th Jud. Cir. 2016), *State v. Christopher Potter*, No. 16BB-CR00753-01 (12th Jud. Cir. 2016), and *State v. Christopher Potter*, No. 16BB-CR00559-01 (12th Jud. Cir. 2017). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition, including final disposition of any appellate proceedings and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Christopher Jacob Potter*, No. 1611-CR03563-01 (11th Jud. Cir. 2016), *State v. Christopher Potter*, No. 16BB-CR00753-01 (12th Jud. Cir. 2016), and *State v. Christopher Potter*, No. 16BB-CR00559-01 (12th Jud. Cir. 2017).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank prisoner civil rights complaint form, and a blank Application To Proceed in District Court Without Prepaying Fees or Costs form.

Dated this 10th day of September, 2018.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE