# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. POTTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-cv-235-AGF |
| NICHOLAS LINEBACK, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Christopher J. Potter's motion to reopen this action, and file a second amended complaint. (ECF No. 23). For the reasons explained below, the motion will be granted, and plaintiff will be given 30 days to file a second amended complaint.

The background of this case is fully set forth in the prior orders of this Court. However, following is a brief recitation. Plaintiff, a prisoner, initiated this action on February 8, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983. At that time, he was a defendant in three pending state court criminal cases. Following initial review, the Court entered an order dismissing some defendants from the case and staying the action as to plaintiff's Fourth Amendment claims against the remaining defendants, pursuant to the principles dictated in *Wallace v. Kato*, 549 U.S. 384 (2007). Briefly, plaintiff alleged he was illegally seized, a police report had been falsified to effect his arrest, and his truck was illegally searched.

In the instant motion and supplemental document, plaintiff advises that all three of his state court criminal cases have been adjudicated, in that he was convicted in one case and entered Alford pleas in the other two cases. At present, plaintiff is in the custody of the Missouri Department of Corrections, and resides at the South Central Correctional Center. Having reviewed the motion

and the state court judicial records relating to plaintiff's state court criminal matters, the Court has determined to grant plaintiff's request to reopen this action and his request for permission to file a second amended complaint.

Plaintiff is warned that the second amended complaint will replace the amended complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the second amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of each party he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless he or she is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue each defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names more than one defendant, he should only include claims that arise from the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to name a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). It is not enough for plaintiff to refer to a group of defendants and make general allegations against them. Instead, plaintiff must explain the role of each defendant, so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, the Court notes that, pursuant to the principles dictated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), plaintiff may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his convictions, continued imprisonment, or sentences unless the convictions or sentences are reversed, expunged, or called into question by issuance of a writ of habeas corpus.

Plaintiff has also filed a letter addressed to the Clerk of the Court. (ECF No. 24). Therein, he states he is "filing this Injunctive Relief motion" to recover $273,750 in lost wages and $125,000 in attorney's fees "due to [his] innocence still being fought for" on direct appeal. He also requests that his truck, which is currently located at a towing facility in O'Fallon, Missouri, be towed to his property in Marthasville, Missouri. To the extent plaintiff's letter can be construed as a motion, it will be denied. Plaintiff simply demands monetary and equitable relief without alleging facts that show that his legal rights were violated and that the relief prayed for is warranted. Additionally, plaintiff is advised he may not bring claims before the Court or seek relief from the Court by filing letters.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen and file an amended complaint (ECF No. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall reopen this action.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion (ECF No. 24) is **DENIED.**

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 9th day of August, 2019.

                                        */s/ Audrey G. Fleissig*
                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE